## Norfolk

ERNEST LEE HUDSON

v.

COMMONWEALTH OF VIRGINIA

No. 0630-88-1

Decided September 19, 1989

COUNSEL

Lawrence A. Martin, for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLE, J.—A jury convicted Ernest Lee Hudson of larceny by concealment, a violation of Code § 18.2-103. The Commonwealth offered certified copies of three prior convictions of Hudson for like offenses to show that he was eligible for enhanced punishment under Code § 18.2-104(b). In this appeal, Hudson contends that the trial court erred in admitting his prior conviction orders because they included the sentences he received for each offense. We agree, and therefore reverse.

Hudson was charged with larceny by concealment after he was caught leaving a grocery store with $93.90 worth of unpurchased meat and crackers. The indictment against Hudson alleged that the crime was his third or subsequent such offense.

At trial, the court held a hearing out of the jury's presence to determine the method of proving the prior offenses. Hudson offered to stipulate that he had been convicted of like offenses on two previous occasions, but the Commonwealth refused to agree to the stipulation. Hudson then objected to admission of the conviction orders because they contained sentencing information. The court overruled his objection and admitted the orders, which showed that Hudson had twice been sentenced to five year terms for petit larceny and once received a twelve month suspended sentence for concealment. Subsequently, in conformity with the jury's recommendation, the trial court sentenced Hudson to five years in

prison.

Code § 18.2-104(b) states in relevant part:

Any person convicted of an offense under § 18.2-103, when the value of the goods or merchandise involved in the offense is less than $200, and it is alleged in the warrant or information on which he is convicted, and admitted, or found by the jury or judge before whom he is tried, that he has been before convicted in the Commonwealth of Virginia for the like offense, regardless of the value of the goods or mer- chandise involved in the prior conviction . . . for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.

Hudson argues that he should have been allowed to admit that he had prior convictions which would bring him within the en- hanced punishment statute. The Commonwealth refused to agree to the stipulation and the trial court admitted into evidence the prior conviction orders.

■ The Commonwealth had the right to refuse to stipulate. As we have said before:

The Commonwealth . . . is not obliged to enter into an agreement whereby it is precluded from putting on its evi- dence simply because the defendant is willing to make a qualified stipulation. The trial court correctly ruled that the Commonwealth was entitled to prove the indictment, and the evidence of [the defendant's] prior conviction for robbery was properly received for that purpose. [The defendant's] willingness to stipulate does nothing to change that conclusion.

*Glover v. Commonwealth*, 3 Va. App. 152, 162, 348 S.E.2d 434, 441 (1986), *aff'd*, 236 Va. 1, 372 S.E.2d 134 (1988).

■ We agree with Hudson, however, that the trial court erred in allowing into evidence the sentences he received for the prior offenses. The general rule is that evidence of the past criminal acts of an accused is inadmissible because of the possibility of un- fair prejudice. *See Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). Code § 18.2-104(b) (previously

Code § 18.1-126.1) creates an exception to the general rule for the purpose of allowing "a system of enhanced punishment for those who repeatedly commit the 'shoplifting' offenses defined in § 18.1-126," (now Code § 18.2-103). *Scott v. Commonwealth*, 217 Va. 425, 427, 230 S.E.2d 236, 237 (1976). Code § 18.2-104(b) requires an admission or finding that the defendant "has been before convicted in the Commonwealth of Virginia for the like offense." The only evidence necessary for the jury's finding was the fact of a past conviction.

█ It is well established that introduction into evidence of a co-defendant's guilty plea and sentence is error because of the likelihood of prejudice to the accused. *See Ward v. Commonwealth*, 205 Va. 564, 573, 138 S.E.2d 293, 300 (1964); *Brown v. Commonwealth*, 3 Va. App. 101, 103, 348 S.E.2d 408, 409-10 (1986). Similarly, the unnecessary introduction of Hudson's sentences for past convictions was potentially prejudicial to him. The jurors may have weighed the length of past sentences, rather than the fact of the past convictions alone, in determining Hudson's sentence. This possibility is not discounted by the fact that Hudson was sentenced to five years, the maximum for a Class 6 felony. *See* Code § 18.2-10(f).

For the reasons stated above, we conclude that the trial court erred in admitting evidence reflecting the sentences Hudson received for past convictions. Accordingly, we reverse and remand for a new trial.

*Reversed and remanded.*

Koontz, C.J., and Hodges, J., concurred.