COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia

PHILLIP ADRIAN GILLIAM

v.          Record No. 2154-94-1          OPINION BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                   JANUARY 11, 1996

            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                       Frederick B. Lowe, Judge

             Richard C. Clark, Assistant Public Defender,
             for appellant.

             Richard B. Smith, Assistant Attorney General
             (James S. Gilmore, III, Attorney General, on
             brief), for appellee.


     Phillip Adrian Gilliam (defendant) was convicted by a jury in
a bifurcated trial for aggravated sexual battery in violation of
Code § 18.2-67.3(1) and was sentenced in accordance with the jury's
verdict to three years in the penitentiary.  Defendant complains on
appeal that the trial court erroneously permitted the jury to
consider evidence, during the sentencing phase of the proceeding,
of the punishments which attended his prior criminal convictions.
We disagree and affirm the conviction.

     The relevant procedural history is uncontroverted.  Following
conviction by the jury during the guilt phase of defendant's
bifurcated trial, a "separate proceeding limited to the
ascertainment of punishment" was commenced in accordance with Code
§ 19.2-295.1, during which the Commonwealth sought to introduce
certified copies of a "Sentencing Order" and a "Criminal Order."
Each order recited a prior criminal conviction of defendant and
included the punishment imposed for the respective offense.  See

Code § 19.2-295.1.  Defendant objected, arguing that the orders improperly disclosed the "specifics of the . . . case[s]" to the jury, not simply "the fact of . . . conviction."

Code § 19.2-295.1 provides, in pertinent part, that "the Commonwealth shall present" to the jury during the sentencing phase of a bifurcated trial "the defendant's prior criminal convictions by certified, attested or exemplified copies of the <u>record of conviction</u>"[1] (emphasis added).  The trial court concluded that the statute was "meant to allow the introduction of the . . . order of conviction," which "would include . . . the items" subject of defendant's objection, and admitted the disputed orders into evidence as exhibits.

Defendant contends on appeal that the trial court's construction of Code § 19.2-295.1 infected defendant's sentence with the prejudice of prior punishments and that such information should have been redacted from the "record[s] of conviction" submitted to the sentencing jury.  In response, the Commonwealth urges a construction of the statute accommodating prior convictions <u>and</u> punishments within the statutory language, consistent with present procedure in bifurcated capital murder trials.  <u>See</u> Code § 19.2-264.2, <u>et</u> <u>seq</u>.  Thus, the definition of "record of conviction" intended by the legislature in drafting Code § 19.2-295.1 is the dispositive issue before the Court.

We recognize that "it is our function to interpret the meaning

---

[1]Subject to certain provisions not relevant to this appeal.

- 2 -

of the words in controversy as intended by the legislature."
Tiller v. Commonwealth, 193 Va. 418, 420, 69 S.E.2d 441, 442
(1952). However, "[u]nless there is ambiguity in a statute, there
is no need for interpretation, for the province of construction
lies wholly within the domain of ambiguity." Id. "Words are
ambiguous if they admit to 'being understood in more than one
way[,]' . . . refer to 'two or more things simultaneously[,]'
. . . are 'difficult to comprehend,' 'of doubtful import,' or lack
'clearness and definiteness.'" Diggs v. Commonwealth, 6 Va. App.
300, 301–02, 369 S.E.2d 199, 200 (1988) (quoting Brown v. Lukhard,
229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)). Because the
legislative definition of "record of conviction" is susceptible to
more than one interpretation, we find the language ambiguous and,
therefore, appropriate for judicial construction.

Well–established "principles of statutory construction require
us to ascertain and give effect to the legislative intent." Branch
v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992).
 "The plain, obvious, and rational meaning of a statute is always
preferred to any curious, narrow or strained construction." Id.
Because the Code of Virginia is "one body of law," we may consult
other statutes "using the same phraseology" to assist us in
divining legislative intent. Id. at 839, 419 S.E.2d at 425.

Bifurcated trials are not novel in our jurisprudence. Prior
to the enactment of Code § 19.2–295.1, such proceedings were, and
continue to be, integral to the prosecution of capital murder and

traffic offenses. See Code §§ 19.2-264.2, 46.2-943.[2] "The purpose of a bifurcated trial is to allow the trier of fact to consider the prior . . . record of the accused for sentencing purposes while avoiding the risk of prejudice to the accused when determining guilt or innocence." Farmer v. Commonwealth, 10 Va. App. 175, 179, 390 S.E.2d 775, 776-77 (1990), aff'd en banc, 12 Va. App. 337, 404 S.E.2d 371 (1991). Such information ensures an individualized assessment of a defendant's previous criminal conduct in the context of the subject offense, thereby promoting a more informed determination of sentence. See O'Dell v. Commonwealth, 234 Va. 672, 700, 364 S.E.2d 491, 507, cert. denied, 488 U.S. 871 (1988); Gray v. Commonwealth, 233 Va. 313, 346, 356 S.E.2d 157, 175, cert. denied, 484 U.S. 873 (1987).

During the sentencing phase of capital murder prosecutions, "[t]he fact finder is expressly enjoined to consider 'the past criminal record of convictions of the defendant.'" Saunders v. Commonwealth, 242 Va. 107, 117, 406 S.E.2d 39, 44-45, cert. denied, 502 U.S. 944 (1991) (quoting Code § 19.2-264.2) (emphasis added). In Bassett v. Commonwealth, the Supreme Court specifically permitted the jury to consider the sentences which attended Bassett's previous criminal convictions, reasoning that "[t]he

---

[2]Code § 46.2-943 provides "the court or jury trying the ["traffic offense"] may consider the prior traffic record of the defendant before imposing sentence . . . ." (emphasis added). However, unlike Code §§ 19.2-264.2 and -295.1, the statute expressly defines "[t]he 'term prior traffic record' when used in this section," and the construction of that provision is not before the Court.

- 4 -

sentence reflects the gravity of the offense and the offender's propensity for violence."  222 Va. 844, 858, 284 S.E.2d 844, 853 (1981), cert. denied, 456 U.S. 938 (1982).

This rationale serves the declared purposes of punishment for criminal conduct.  "[T]he sentencing decision . . . is a quest for a sentence that best effectuates the criminal justice system's goals of deterrence (general and specific), incapacitation, retribution and rehabilitation."[3]  United States v. Morris, 837 F. Supp. 726, 729 (E.D. Va. 1993); see also Wilborn v. Saunders, 170 Va. 153, 160, 195 S.E. 723, 726 (1938); Nuckoles v. Commonwealth, 12 Va. App. 1083, 1086, 407 S.E.2d 355, 356 (1991).  Manifestly, the prior criminal convictions of a felon, including previous efforts to punish and rehabilitate, "'bear upon a tendency to commit offenses, the probabilities of rehabilitation, and similar factors'" indispensable to the determination of an appropriate sentence.  Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 472 (1994) (quoting Eaton v. United States, 458 F.2d 704, 708 (7th Cir.), cert. denied, 409 U.S. 880 (1972)).

It is well established that "'where the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein.'"  McFadden v. Commonwealth, 3 Va. App. 226, 230, 348 S.E.2d 847, 849 (1986) (citation omitted).  Moreover, the

---

[3]Recognized "[t]heories of punishment" include prevention, restraint, rehabilitation, deterrence, education, and retribution. Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 1.5 (1986).

legislature is deemed "'cognizant at the time it acted of all existing facts and circumstances' bearing upon and relating to its enactment[]." Virginia Dep't of Labor & Indus. v. Westmoreland Coal Co., 233 Va. 97, 104 n.2, 353 S.E.2d 758, 763 n.2 (1987) (citation omitted). Thus, we find that the legislature incorporated the term "record of conviction" into Code § 19.2-295.1 aware that its meaning includes both conviction and punishment, thereby intending to assist the jury in fashioning a sentence suitable both to defendant and the offense.

Defendant reminds us that a statute "penal in nature . . . must be strictly construed and any ambiguity or reasonable doubt as to its meaning must be resolved in [defendant's] favor." Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979). However,

> that rule of construction does not abrogate the well recognized canon that a statute . . . should be read and applied so as to accord with the purpose intended and attain the objects desired if that may be accomplished without doing harm to its language. Any construction that has the effect of impairing the purpose of the enactment or which frustrates, thwarts or defeats its objects should be avoided.

Gough v. Shaner, 197 Va. 572, 575, 90 S.E.2d 171, 174 (1955). Thus, the rule "does not mean . . . that [defendant] is entitled to a favorable result based upon an unreasonably restrictive interpretation of the statute." Ansell, 219 Va. at 761, 250 S.E.2d at 761; Davis v. Commonwealth, 4 Va. App. 27, 30, 353 S.E.2d 905, 906 (1987).

- 6 -

Defendant's reliance upon our decision in Hudson v. Commonwealth, 9 Va. App. 110, 383 S.E.2d 767 (1989) is misplaced. There, in addressing prior convictions as a statutory element in an enhanced punishment scheme during a unitary trial, we precluded evidence of prior sentences, acknowledging that "jurors may . . . weigh[] the length of past sentences, rather than the fact of the past convictions alone, in determining [defendant]'s sentence." Hudson, 9 Va. App. at 113, 383 S.E.2d at 769.  In contrast, the bifurcated procedure established in Code § 19.2-295.1 clearly manifests a legislative intent to provide juries with information specific only to sentencing, apart from considerations of guilt or innocence, thereby similarly situating juries in felony cases with their counterparts in bifurcated capital cases.

Hence, we find that the trial court properly allowed the Commonwealth to disclose to the jury defendant's prior convictions, together with the attendant sentences, during the sentencing phase of his trial.[4]  Accordingly, the conviction is affirmed.

Affirmed.

---

[4]We note that the prejudice which defendant attributes to the sentencing evidence in issue is belied by the record.  The trial court instructed the jury on a penalty ranging from one to twenty years for the subject offense (a possible fine not to exceed $100,000 was omitted from the instruction), and the jury sentenced defendant to only three years.  See Code § 18.2-67.3(B).

- 7 -