COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick,[*] Judge Annunziata and
        Senior Judge Duff
Argued at Alexandria, Virginia


EMMITT LARON TAYLOR

                                    MEMORANDUM OPINION[**] BY
v.   Record No. 1776-96-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      DECEMBER 30, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                 William L. Winston, Judge

     Robert J. Hill for appellant.

     Richard B. Smith, Assistant Attorney General
     (James S. Gilmore, III, Attorney General, on
     brief), for appellee.


     Emmitt Taylor (appellant) was convicted in a bifurcated jury

trial of (1) conspiring to distribute five or more pounds of

marijuana; (2) possessing with the intent to distribute five or

more pounds of marijuana; and (3) transporting five or more

pounds of marijuana into Virginia with the intent to sell or

distribute it.  During the sentencing phase of the trial,

appellant attempted to introduce evidence concerning his family

history and upbringing as mitigating factors to be considered in

imposing a sentence.  The trial court excluded the evidence as

beyond the scope of Code § 19.2-295.1 and found that such

testimony is not "relevant, admissible evidence related to

_____

     [*]On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

     [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

punishment."  We disagree and reverse the decision of the trial court and remand for a new sentencing proceeding.

After the jury found appellant guilty on the underlying charges, the Commonwealth presented evidence that at the age of seventeen, he was convicted of armed robbery in the state of California.  Appellant then attempted to introduce evidence of his family situation and background as mitigating circumstances to be considered at the penalty stage of the trial.  The court found the evidence inadmissible, and appellant was sentenced to confinement in the penitentiary for 18 years on the conspiracy and distribution charges and 20 years with an $80,000 fine on the transporting charge.  The trial court suspended the execution of the 18-year sentence for a period of 18 years upon the completion of the time served on the transporting sentence.  The court imposed the 20-year sentence and fine fixed by the jury on the transporting charge.

After the sentencing hearing, the trial court allowed appellant to proffer the excluded evidence.  Appellant testified that his father had been killed when he was nine, that he had no male role models, that his mother abused drugs and alcohol, that his half-brother had been shot, and that he had no fixed home before he came to Virginia at the age of 22.  He contends that the trial court should have allowed the jury to consider these facts.

This case is controlled by our recent en banc decision in

Shifflett v. Commonwealth, __ Va. App. ___, ___ S.E.2d ___
(1997), which analyzed the requirements of Code § 19.2-295.[1]
This statute gives juries great latitude in determining an
appropriate sentence within the statutory framework provided.
See id.

"The sentencing decision is a quest for a sentence that best
effectuates the criminal justice system's goals of deterrence
(general and specific), incapacitation, retribution and
rehabilitation."  Gilliam v. Commonwealth, 21 Va. App. 519, 524,
465 S.E.2d 592, 594 (1996) (citation omitted) (footnote omitted).
 "A jury must be allowed to consider all relevant evidence."
Shifflett, __ Va. App. at ___, ___ S.E.2d at ___ (citing Jurek v.
Texas, 428 U.S. 262, 271 (1976)).  "[R]elevant sentencing factors
traditionally have included an accused's habits, lifestyle,
mental resources, family, and occupation."  Shifflett, __ Va.
App. at ___, ___ S.E.2d at ___.

The excluded evidence in this case clearly was relevant to
appellant's background and family situation at the time of the
earlier conviction and was also probative of his current
situation.  It was error for the trial court to exclude this
information from the jury's purview.  Accordingly, we reverse and
remand for a resentencing hearing consistent with this opinion.

---

[1]In the sentencing part of a bifurcated jury trial, "[a]fter
the Commonwealth has introduced . . . evidence of prior
convictions . . . the defendant may introduce relevant,
admissible evidence related to punishment."  Code § 19.2-295.1.

<u>Reversed and remanded.</u>