COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


MICHAEL PATRICK BURKE
                                            OPINION BY
v.  Record No. 1495-97-4          JUDGE JAMES W. BENTON, JR.
                                           JUNE 9, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 Marcus D. Williams, Judge

          (Thomas F. Koerner, Jr., on brief), for
          appellant.  Appellant submitting on brief.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General; Pamela A.
          Rumpz, Assistant Attorney General, on brief),
          for appellee.


     A jury convicted Michael Patrick Burke of a second or

subsequent offense of driving a motor vehicle after having been

declared an habitual offender and while the habitual offender

order was in effect.  See Code § 46.2-357(A) and (B)(3).  To

prove Burke's prior conviction for driving after having been

declared an habitual offender, the prosecutor offered as evidence

the conviction order.  Burke contends the trial judge erred

during the guilt determination phase of the trial by refusing to

redact from the conviction order the punishment imposed.

Although we agree that the trial judge erred, the record

establishes that the error was harmless.  For this reason, we

affirm the conviction.

When a police officer stopped Burke to investigate a traffic offense, he arrested Burke for driving on a revoked license after having been declared an habitual offender. At trial, the prosecutor introduced into evidence during the guilt determination phase an order from a circuit court declaring Burke to be an habitual offender. The prosecutor also offered into evidence a conviction order establishing that Burke had previously been convicted of driving after having been adjudged an habitual offender. The latter order recited that Burke had been sentenced to ninety days in jail. Burke objected to the portion of the order showing the jail sentence and asked the trial judge to redact that portion of the order. The judge declined to redact the order and allowed the entire conviction order to be entered into evidence. At the conclusion of the evidence, the jury convicted Burke of the offense.

At the punishment phase of the trial, the jury considered Burke's entire record of convictions and recommended a sentence of three years in prison. The judge imposed sentence in accordance with the jury's verdict.

## II.

In a prosecution under Code § 46.2-357, the Commonwealth may seek to prove "a second or subsequent . . . offense" and subject the accused to a more severe punishment.[1] When the Commonwealth

---

[1]At the time of the offense, the pertinent part of the statute read as follows:

A.  It shall be unlawful for any person to drive any motor vehicle or self-propelled machinery or equipment on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect. . . .

B.  Any person found to be an habitual offender under this article, who is thereafter convicted of driving a motor vehicle or self-propelled machinery or equipment in the Commonwealth while the revocation determination is in effect, shall be punished as follows:

1.  If such driving does not, of itself, endanger the life, limb, or property of another, such person shall be guilty of a misdemeanor punishable by confinement in jail for no more than ninety days and a fine of not more than $2,500, either or both. However, ten days of any such confinement shall not be suspended except in cases designated in subdivision 2 (ii) of this subsection.

2.  If such driving, of itself, does endanger the life, limb, or property of another, such person shall be guilty of a felony punishable by confinement in a state correctional facility for not less than one year nor more than five years or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail for twelve months and no portion of such sentence shall be suspended except that (i) if the sentence is more than one year in a state correctional facility, any portion of such sentence in excess of one year may be suspended or (ii) in cases wherein such operation is necessitated in situations of apparent extreme emergency which require such operation to save life or limb, said sentence, or any part thereof may be suspended.

3.  If the offense of driving while a determination as an habitual offender is in effect is a second or subsequent such

proves the elements required by Code § 46.2-357(A), the only evidence necessary to support a jury's finding that the accused was guilty of a second or subsequent offense is proof of the fact of a past conviction.  See Hudson v. Commonwealth, 9 Va. App. 110, 113, 383 S.E.2d 767, 769 (1989).

Since 1995, Code § 19.2-295.1 has provided for a bifurcated proceeding in jury trials.  Under that statute, the jury must first determine whether an accused is guilty of the charged offense.  If the jury finds the accused guilty, then a "separate proceeding limited to the ascertainment of punishment" shall be commenced.  Code § 19.2-295.1.

Nothing in Code § 46.2-357 indicates that in the guilt determination phase of a bifurcated jury trial the Commonwealth's proof of the elements necessary to establish a second or subsequent offense under Code § 46.2-357 encompasses proof of the punishment imposed for prior convictions.  Proof of the punishment imposed for prior convictions is not relevant to the issue whether the accused is guilty of the offense.  Accordingly, we hold that the trial judge erred in refusing to redact references to Burke's ninety-day jail sentence from the conviction order when the conviction order was entered as

offense, such person shall be punished as provided in subdivision 2 of this subsection, irrespective of whether the offense, of itself, endangers the life, limb, or property of another.

Code § 46.2-357.

- 4 -

evidence during the guilt determination phase of the trial.

### III.

We held in <u>Hudson</u> that "the unnecessary introduction of [the accused's] sentences for past convictions was potentially prejudicial to him."  9 Va. App. at 113, 383 S.E.2d at 769.  However, <u>Hudson</u> is not controlling because jury trials were not bifurcated in Virginia when <u>Hudson</u> was decided.  Code § 19.2-295.1, which was enacted six years after <u>Hudson</u>, provides that during the punishment phase of a bifurcated jury trial "the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction."  Code § 19.2-295.1.

In <u>Gilliam v. Commonwealth</u>, 21 Va. App. 519, 465 S.E.2d 592 (1996), we held that when the legislature enacted the bifurcated trial statute, "the legislature incorporated the term 'record of conviction' into Code § 19.2-295.1 aware that its meaning includes both convictions and punishment, thereby intending to assist the jury in fashioning a sentence suitable both to defendant and the offense." <u>Gilliam</u>, 21 Va. App. at 524, 465 S.E.2d at 595.  Thus, we held that <u>in the punishment phase</u> of a bifurcated trial the trial judge could allow the jury to consider conviction orders that include recital of the punishment imposed. <u>Id.</u> at 525-26, 465 S.E.2d at 525.  In view of that holding, we must determine whether the trial judge's error in this case was harmless error.  We hold that it was.

The evidence overwhelmingly proved during the guilt determination phase of the trial that Burke had been declared an habitual offender. When Burke was stopped by the police officer, Burke admitted his habitual offender status. Furthermore, the prosecutor offered into evidence, without objection, the order that declared Burke to be an habitual offender.

When the prosecutor offered as evidence the conviction order establishing Burke's prior conviction, Burke did not object to the portion of the order proving the fact of the conviction. Thus, at the guilt determination phase of the trial, the evidence overwhelmingly proved that Burke had been declared an habitual offender, that Burke was driving after he had been declared an habitual offender and while the order was in effect, and that Burke previously had been convicted of the same offense. In light of that evidence, we "can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict [of guilty] would have been the same." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). No evidence remotely suggests that the jury's knowledge of Burke's ninety-day sentence tended to influence its finding of guilt.

The jury's knowledge of the jail sentence that Burke received upon the prior conviction could have affected only the sentence the jury recommended. However, the jury decided Burke's sentence during the punishment phase of the trial. Based on

- 6 -

<u>Gilliam</u>, the trial judge did not err in allowing the jury to receive the unredacted prior conviction order during the punishment phase of the trial. <u>See</u> 21 Va. App. at 525-26, 465 S.E.2d at 595. Despite the trial judge's error during the guilt phase of the trial, the jury eventually would have been exposed to Burke's punishment for the prior offense before deciding Burke's punishment. Thus, the error was clearly harmless as it relates to the punishment phase of the trial. Moreover, the jury recommended a sentence of three years in prison, two years less than the maximum sentence that it could have recommended. The sentence was not of such magnitude so as to suggest that it was influenced by the admission of the unredacted order at the guilt determination phase.

For these reasons, we hold that the error was harmless and affirm the conviction.

<u>Affirmed</u>.