COURT OF APPEALS OF VIRGINIA

Present:  Judges Annunziata, Lemons and Senior Judge Hodges
Argued at Alexandria, Virginia


CHARLES L. C'DEBACA, S/K/A
 CHARLES LEWIS C'DEBACA

v.      Record No. 2754-97-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
BY JUDGE WILLIAM H. HODGES
FEBRUARY 2, 1999

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Marcus D. Williams, Judge

James R. Tate (Tate & Bywater, Ltd., on
brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Charles L. C'Debaca, appellant, was convicted of violating

Code § 18.2-386.1(A).  On appeal, he contends that the trial

court erred by (1) admitting evidence of a videotape that was

seized in violation of the Fourth Amendment; (2) refusing to

allow appellant to have an expert witness examine the videotape

seized by the police; and (3) finding that Code § 18.2-386.1 is

not unconstitutionally vague and overbroad.  Appellant also

contends that his conduct did not violate Code § 18.2-386.1.  We

agree with appellant's assertion that his conduct did not violate

the statute.  Therefore, we reverse and dismiss the judgment of

the trial court.  Because we find that appellant's conduct did

not violate the statute, we need not address appellant's other

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

assignments of error.

## FACTS

While at the Fairfax County Fairgrounds, appellant carried a videocamera concealed in a bag. The victim, who was wearing a dress, stood near a bandstand located on the fairgrounds. Appellant placed the bag containing the camera near the feet of the victim so that the camera lens pointed under and up the victim's dress. The victim asked appellant if the camera was operating, and he replied that it was not. The victim then reported the incident to the police, who confiscated the videotape. The videotape contained a view of the victim's undergarments. Appellant admitted that he intentionally videotaped under the victim's dress. Appellant was convicted of violating Code § 18.2-386.1(A).

## ANALYSIS

Code § 18.2-386.1(A) provides:
It shall be unlawful for any person to videotape, photograph, or film any nonconsenting person if (i) that person is totally nude, clad in undergarments, or in a state of undress so as to expose the genitals, pubic area, buttocks or female breast in a restroom, dressing room, locker room, hotel room, motel room, tanning bed, tanning booth, bedroom or other location and (ii) the circumstances are otherwise such that the person being videotaped, photographed or filmed would have a reasonable expectation of privacy.

Appellant argues that the evidence failed to prove that he violated the statute because (1) the victim was in a public place

- 2 -

at the time of the videotaping; (2) the victim was fully clothed at the time of the taping; and (3) the victim had no reasonable expectation of privacy while fully clothed and standing in a public place.

"Well-established 'principles of statutory construction require us to ascertain and give effect to the legislative intent.' 'The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction.'" Gilliam v. Commonwealth, 21 Va. App. 519, 522-23, 465 S.E.2d 592, 594 (1996) (citation omitted).

> "[I]t is our function to interpret the meaning of the words in controversy as intended by the legislature." However, "[u]nless there is ambiguity in a statute, there is no need for interpretation, for the province of construction lies wholly within the domain of ambiguity." "Words are ambiguous if they admit to 'being understood in more than one way[,]' . . . refer to 'two or more things simultaneously[,]' . . . are 'difficult to comprehend,' 'of doubtful import,' or lack 'clearness and definiteness.'"

Id. at 522, 465 S.E.2d at 594 (citations omitted).

"'[B]ecause the statute in question is penal in nature, it must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.'" Crews v. Commonwealth, 3 Va. App. 531, 536, 352 S.E.2d 1, 3 (1987) (citation omitted).

Code § 18.2-386.1(A) states that it applies to a restroom, locker room, dressing room, hotel room, motel room, tanning bed,

tanning booth, bedroom, "or other location."  Because the phrase

"other location" is susceptible to more than one interpretation,

the language is ambiguous, and, therefore, appropriate for

judicial construction.

The Commonwealth argues that the phrase "other location"

should be interpreted to include any area where one had an

expectation of privacy with respect to certain types of

photography.  The Commonwealth contends that, "[i]n any location,

a female would expect to be free from having a camera aimed up

her skirt."  Thus, the Commonwealth's interpretation broadens the

effect of the statute to cover any conceivable location, if a

person had a reasonable expectation of privacy in that location.

"We cannot, however, consider statutory language out of

context . . . ."  Cape Henry Towers, Inc. v. Nat'l Gypsum Co.,

229 Va. 596, 603, 331 S.E.2d 476, 481 (1985).

> We are guided by two familiar and related
> principles of statutory construction.  "Under
> the rule of ejusdem generis, when a
> particular class of persons or things is
> enumerated in a statute and general words
> follow, the general words are to be
> restricted in their meaning to a sense
> analogous to the less general, particular
> words."  "Likewise, according to the maxim
> noscitur a sociis . . . when general and
> specific words are grouped, the general words
> are limited by the specific and will be
> construed to embrace only objects similar in
> nature to those things identified by the
> specific words."

Id. (citations omitted).

The phrase "other location" is a general phrase placed at

the end of a list of specific locations.  Thus, under the doctrines of <u>ejusdem</u> <u>generis</u> and <u>noscitur</u> <u>a</u> <u>sociis</u>, we must look to the specific terms that precede the general phrase "other location" in order to interpret its meaning.  Those locations specified in the statute share the common element of being sites where a person could be partially or fully undressed and would have an expectation of privacy--for example, when a person was trying on clothes in a department store dressing room or changing clothes in the locker room at a gym.  Accordingly, we conclude that the general words "other location" do not apply to the circumstances of appellant's case, where appellant videotaped a fully clothed person standing in a public forum--the Fairfax County Fairgrounds.

"'In construing statutes, courts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment.'"  <u>Adkins v. Commonwealth</u>, 27 Va. App. 166, 170, 497 S.E.2d 896, 897 (1998) (citation omitted).  Considered as a whole, the statutory language demonstrates a legislative intent to deter the unauthorized photography of persons in a state of undress while in private locations, such as dressing rooms and locker rooms.  Nothing in the statute indicates that it is intended to deter videotaping of persons standing in a public location.

Furthermore, the statute provides that it is unlawful to videotape a nonconsenting person when that person "is totally

nude, clad in undergarments, or in a state of undress so as to expose the genitals, pubic area, buttocks or female breast . . . ." Code § 18.2-386.1(A)(i). Appellant argues that the victim was not dressed in a manner fitting one of these descriptions. The Commonwealth argues that the victim was "clad in undergarments" for purposes of the statute because appellant manipulated the videocamera so that he videotaped the victim's undergarments. However, it is a curious and strained construction of the statute to conclude that the legislature intended to proscribe the videotaping of the fully clothed victim while she was standing in a public site, even though appellant's contemptible method of videotaping was directed specifically toward only the victim's undergarments. Moreover, although appellant aimed his camera so that the lens pointed up the victim's dress, the victim had no reasonable expectation of privacy while standing on the public fairgrounds.

Accordingly, we find that although appellant's conduct was reprehensible, it would violate sound principles of statutory construction and strain the intent of the statute to hold that, under the circumstances and facts of this appeal, appellant's conduct violated Code § 18.2-386.1(A). Therefore, we reverse and dismiss appellant's conviction.

<u>Reversed and dismissed.</u>