COURT OF APPEALS OF VIRGINIA

Present: Judges McClanahan, Haley and Petty
Argued at Chesapeake, Virginia


STEVEN LEE WOOD

v.      Record No. 2631-07-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. HALEY, JR.
NOVEMBER 12, 2008


FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
Glen A. Tyler, Judge

Patrick A. Robbins for appellant.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief) for appellee.


I.  INTRODUCTION

Appealing his conviction for third or subsequent offense petit larceny from the Circuit

Court of Accomack County, Steven Lee Wood argues the circuit court erred in admitting a

document showing a prior conviction for larceny during the guilt phase of the trial because it

contained sentencing information.  Finding no error, we affirm.

II.  BACKGROUND

The relevant facts may be succinctly stated.  A grand jury indicted Wood for third or

subsequent offense petit larceny in April 2007.

During a jury trial in September 2007, the Commonwealth, out of the presence of the

jury, sought to admit a document from Maryland showing Wood had a prior conviction for

larceny and indicating the sentence he received.  Defense counsel objected that the document

included the sentence imposed, arguing that the inclusion of the sentence "could be prejudicial to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[Wood], and so I don't want -- we're asking that the jury not see that." The court sustained the objection. The trial court cut the Maryland document with scissors, severing the portion of the document concerning the sentence. Although the court admitted the entire unaltered version of the document, the court admitted it as two exhibits reflecting the defense objection. The court explained that the first part of the Maryland document, reflecting the larceny conviction only (Exhibit 1A), "is the document we would send to the jury, and 1B is that portion of the document which deals with the sentencing. So while the second part, 1B is admitted for legal reasons, 1A is all that is sufficient for factual reasons, and that's how I find it." The transcript never mentions the sentencing portion of the document again during the guilt phase of the trial, and there is no evidence the jury saw it during their deliberations of guilt. The jury convicted Wood.

### III. ANALYSIS

Wood maintains the circuit court erred in admitting the sentencing portion of the Maryland document, even though the court sustained his objection to that portion, physically detached it, and admitted it as a separate exhibit. Wood contends its admission into evidence at all was error.

Yet Wood's objection to the document was sustained. The court agreed Wood could suffer prejudice if the jury saw the sentencing information and so physically removed it. As our Supreme Court has held, Wood was not "prejudiced by the exhibit because the trial court sustained [his] objection and prevented [opposing] counsel from using it. There is no evidence in the record that the exhibit was shown to the jury or that any juror ever saw it. Therefore, there can be no error." Rose v. Jaques, 268 Va. 137, 159, 597 S.E.2d 64, 76 (2004).

On brief, Wood speculates that in spite of the circuit court sustaining his objection and separating information concerning sentencing, the jury may have seen the sentencing portion. Wood has the burden of producing a record supporting this assertion. Davis v. Commonwealth,

35 Va. App. 533, 537, 546 S.E.2d 252, 254 (2001); <u>see also</u> Rule 5A:20(d) (requiring appellants to provide a factual statement with "references to the pages of the transcript, written statement, record, or appendix" for where the facts concern the arguments advanced). As the record lacks any evidence suggesting Exhibit 1B was seen by the jury, we find no error.[1]

For the foregoing reasons, the judgment of the circuit court is affirmed.

<u>Affirmed</u>.

---

[1] On brief, Wood relies on <u>Hudson v. Commonwealth</u>, 9 Va. App. 110, 383 S.E.2d 767 (1989). In that case, we held a circuit court erred in admitting documents showing the sentences the defendant had received for prior crimes because of how that information could affect the jury. <u>Id.</u> at 112-13, 383 S.E.2d at 769. Yet as noted above, there is no evidence the jury viewed this information during the guilt phase.