COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Alston and Russell
Argued at Richmond, Virginia


BRYANT TERRELL MARTIN

MEMORANDUM OPINION[*] BY
v.      Record No. 0843-15-2      JUDGE WESLEY G. RUSSELL, JR.
MARCH 22, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge Designate

Grace Stewart, Assistant Public Defender, for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Bryant Terrell Martin, appellant, was convicted by a jury of possession of a weapon by a

violent felon in violation of Code § 18.2-308.2. On appeal, he contends that the trial court erred in

denying him the opportunity to cross-examine a Commonwealth's witness regarding felony charges

pending against her at the time of appellant's alleged crime and that the trial court erred in not

redacting the sentencing information on his prior felony conviction during the guilt phase of his

trial. Assuming that the trial court erred in the manner advanced by appellant, any such errors were

harmless. Accordingly, we affirm appellant's conviction.

BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below." Smallwood

v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and internal quotation marks omitted).

Appellant and Andrea Watkins were living together and in an intimate relationship in the fall of 2014. Ms. Watkins' two children, but no other adults, also lived in the home. After midnight on November 27, 2014, several Richmond police officers responded to a call regarding an incident at the residence.

Upon arriving on the scene, Officer Brian Rogers made contact with Ms. Watkins outside the residence. Ms. Watkins provided consent for the police to enter the residence.

Another officer, Officer Kevin Knudsen started to enter the house and encountered appellant exiting the residence. Officer Knudsen detained appellant and remained with him for the remainder of the encounter.

Yet another officer, Officer Kurtis Jinks, entered the residence and recovered a .22 caliber rifle from a closet in the bedroom that appellant shared with Ms. Watkins. The clothing in the closet was for an adult male. Another closet in the bedroom contained clothes for an adult woman. No firearms were recovered from that closet.

During the encounter, Officer Rogers read appellant his Miranda rights and spoke to him regarding the incident leading up to the call to which the officers were responding. When Officer Rogers asked whether there were any firearms in the residence, appellant indicated that there were two and said that there was one in the closet. Upon inquiry, appellant acknowledged that he was a convicted felon, but said that because Ms. Watkins had had some past relationship problems, he was concerned for the safety of the family. When pressed as to why he possessed a firearm as a felon,

- 2 -

appellant responded that he was "the man of the house" and was going to protect the family if need be. Officer Knudsen overheard the conversation between appellant and Officer Rogers and confirmed the crux of their discussion.

The officers discussed with Ms. Watkins what they had recovered, and she remained concerned that there still may be weapons in the home. In December, in response to an e-mail from Ms. Watkins regarding the other weapon, Officer Rogers returned to the home, where he found a shotgun in the box spring of the bed in the master bedroom.

At the beginning of the April 30, 2015 trial, the Commonwealth introduced into evidence a 2004 sentencing order to establish that appellant previously had been convicted of unlawful wounding in violation of Code § 18.2-51, a felony. Appellant did not object to the admission of the order *per se*, but objected to the portion of the order that revealed the sentence appellant had received. Appellant specifically asked the trial court to redact the sentencing information on the grounds that the sentencing information was of "no probative value." The trial court overruled the objection and admitted the order into evidence without redacting the sentencing information.

The Commonwealth then called as witnesses some of the police officers who had responded on the night of the incident. The officers detailed what they had seen and heard that night, what they had recovered from the residence, and the substance of appellant's out-of-court confession to possessing a firearm having previously been convicted of a felony. Additionally, the Commonwealth called Ms. Watkins as a witness. Acknowledging that their relationship had come to an end, Ms. Watkins testified that the rifle was appellant's, that he normally kept the rifle in his closet, and that she neither owned firearms nor had she handled the ones recovered from the home. On direct examination, Ms. Watkins admitted that she had a prior misdemeanor conviction for failing to return bailed property.

During cross-examination, defense counsel elicited that, just prior to the events leading up to the police call that night, Ms. Watkins learned that appellant had impregnated two other women. Counsel also attempted to question Ms. Watkins about felony charges allegedly pending against her on the night of the incident, asking "when the police responded to your home, you actually had three felony charges pending against you . . . ," but the Commonwealth objected on relevance grounds. Appellant responded to the objection, arguing that the question went to possible bias. The judge sustained the objection and instructed the jury to disregard the question. At that time, appellant neither made further argument regarding the line of inquiry nor proffered the questions that he intended to ask or answers that he expected to elicit if he had been allowed to pursue the line of questioning. After additional questioning on other subjects, the examination of Ms. Watkins concluded. The trial court inquired of both parties if the witness was excused, and both parties answered affirmatively. The Commonwealth called a final witness and then rested its case.

Next, having not done so while Ms. Watkins was still subject to being called to testify, appellant, for the first time, sought to proffer the information he expected to elicit from Ms. Watkins if the trial court had not sustained the objection to the question about pending felony charges. Specifically, appellant's counsel stated

> I just want to proffer for the record . . . in reference to my question of [Ms.] Watkins about her pending felony charges, that she had three felony charges pending for two counts of grand larceny and one count of credit card fraud. We would proffer that evidence would have been relevant to show her bias in order to fabricate, that she had reason to seek favorable treatment from the Commonwealth . . . .

The Commonwealth did not object to or otherwise address the proffer.

Appellant elected not to put on evidence. The jury convicted him for the violation of possession of a firearm after previously having been convicted of a felony. The jury recommended

- 4 -

a sentence of five years imprisonment, the mandatory minimum for the offense.[1]  The trial court

imposed the statutory mandatory sentence.  This appeal followed.

ANALYSIS

I.  Limitation on Appellant's Cross-Examination of Ms. Watkins

Appellant argues that the trial court erred in limiting his cross-examination of

Ms. Watkins when it disallowed questioning about felony charges pending against her on the

date of the incident.  Specifically, he argues that the evidence was relevant to show that

Ms. Watkins was potentially a biased witness.

"The admissibility of evidence is within the broad discretion of the trial court, and a

ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Abdo v.

Commonwealth, 64 Va. App. 468, 473, 769 S.E.2d 677, 679 (2015) (quoting Blain v.

Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).  This discretion extends to

decisions to limit cross-examination of witnesses.  See Stewart v. Commonwealth, 10 Va. App.

563, 567, 394 S.E.2d 509, 512 (1990) ("Limitation of cross-examination is a matter within the

sound discretion of the trial court and is subject to review only for abuse of discretion." (quoting

Naulty v. Commonwealth, 2 Va. App. 523, 529, 346 S.E.2d 540, 543 (1986))).

Because "[a] successful showing of bias on the part of a witness would have a tendency

to make the facts to which he testified less probable in the eyes of the jury than it would be

without such testimony[,]" Cousins v. Commonwealth, 56 Va. App. 257, 273, 693 S.E.2d 283,

290 (2010) (quoting United States v. Abel, 469 U.S. 45, 51 (1984)), inquiries into motivation and

potential bias are always relevant, id.  The Virginia Supreme Court has declared that "the right of

---

[1] Code § 18.2-308.2 contains a mandatory minimum sentencing provision.  If the prior
felony is a violent felony, the mandatory sentence is five years in prison; if the prior felony is a
non-violent felony and the conviction occurred in the preceding ten years, the mandatory
sentence is two years in prison.  Pursuant to Code § 17.1-705, which is incorporated by reference
in Code § 18.2-308.2, unlawful wounding in violation of Code § 18.2-51 is a violent felony.

an accused to cross-examine prosecution witnesses to show bia**s** or motivation, when not abused, is absolute." Ellis v. Commonwealth, 14 Va. App. 18, 21, 414 S.E.2d 615, 617 (1992) (quoting Barker v. Commonwealth, 230 Va. 370, 376, 337 S.E.2d 729, 734 (1985)).

"Although the right of the accused to cross-examine prosecution witnesses is absolute when not abused, we must examine the substance of the anticipated testimony to determine whether that right has been violated." Brown v. Commonwealth, 246 Va. 460, 464-65, 437 S.E.2d 563, 565 (1993). Thus, "[w]hen cross-examination is limited by the court and the accused challenges the court's ruling on appeal, he or she must make a proper proffer of the excluded testimony." Stewart, 10 Va. App. at 568, 394 S.E.2d at 512 (citing Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977)). "Such a proffer allows us to examine both the admissibility of the proposed testimony, and whether, even if admissible, its exclusion prejudiced the proffering party." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689-90 (2006) (internal quotation marks and citation omitted).

Assuming without deciding that the timing and the content of appellant's proffer were sufficient to preserve the issue for review and that the trial court's decision to prohibit questions regarding alleged felony charges against Ms. Watkins was error, we address whether or not the alleged error was harmless.[2] "Code § 8.01-678 makes harmless-error review required in *all*

---

[2] We do not address these issues because "[a]s an appellate court, we seek the best and narrowest ground available for our decision." Harvey v. Commonwealth, 65 Va. App. 280, 285 n.2, 777 S.E.2d 231, 234 n.2 (2015) (internal quotation marks and citations omitted). With respect to this assignment of error, we conclude that our determination that the error, if any, was harmless constitutes the best and narrowest ground.

cases." Commonwealth v. Swann, 290 Va. 194, 200, 776 S.E.2d 265, 269 (2015) (internal quotation marks and citations omitted). In cases of non-constitutional harmless error,[3] if we are

> sure that the error did not influence the jury, or had but slight effect, the verdict and judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand.

Anderson v. Commonwealth, 282 Va. 457, 467, 717 S.E.2d 623, 628 (2011) (citations omitted).

In this case, we are sure that the alleged error did not affect the jury's decision. The evidence of appellant's guilt was overwhelming even if the jury would have discounted completely Ms. Watkins' testimony. There was no dispute that appellant previously had been convicted of a felony. The police recovered the rifle from the bedroom closet that contained clothes for an adult male. Finally, and perhaps most importantly, the jury was presented with appellant's out-of-court confession through the testimony of the police officers. That testimony confirmed that appellant was a convicted felon, confirmed that he possessed firearms, confirmed that the rifle was found in his closet, and provided appellant's rationale as to why he possessed firearms knowing he was a convicted felon.

---

[3] We recognize that the Sixth Amendment secures a criminal defendant's right to confront the witnesses against him and that improper restriction of a defendant's ability to cross-examine a witness for potential bias can represent a violation of a constitutional right. See Davis v. Alaska, 415 U.S. 308, 318 (1974) (recognizing that denial of "the right of effective cross-examination [is] constitutional error of the first magnitude . . ." (internal quotation marks and citation omitted)). Here, however, appellant did not raise in the trial court any constitutional arguments regarding the restriction of his attempted cross-examination of Ms. Watkins, and therefore, has waived the constitutional issue. Cortez-Hernandez v. Commonwealth, 58 Va. App. 66, 79, 706 S.E.2d 893, 900, adopted en banc, 59 Va. App. 37, 716 S.E.2d 484 (2011) (holding "that there is no constitutional dimension to the asserted error properly before us, [because the defendant] never objected to the trial court's refusal to allow re-cross-examination . . . on the specific basis that his constitutional right to confrontation required it" (footnote omitted)). Because relevance was the only argument advanced by appellant below, we review the alleged error under the less rigorous non-constitutional harmless error analysis.

In short, the Commonwealth's evidence against appellant was of such a character and degree that, even absent Ms. Watkins' testimony, we are convinced beyond cavil that the jury would have returned a guilty verdict. Thus, assuming that the trial court erred in limiting appellant's cross-examination of Ms. Watkins based on the Commonwealth's relevance objection, any such error was harmless and does not provide a basis for reversal.

II. Failure to Redact Sentencing Information from Order Used to Establish Appellant's Prior Felony Conviction

Appellant argues that the trial court erred in refusing to redact the sentencing information from the 2004 order that was introduced to establish appellant's prior felony conviction. He argues that the information was not relevant to the question of his guilt or innocence, and therefore, the trial court abused its discretion in allowing the jury to have that information during the guilt phase at trial. We agree.

Our resolution of this issue is controlled by our decision in Burke v. Commonwealth, 27 Va. App. 489, 500 S.E.2d 225 (1998). In Burke, the defendant was charged with "driving on a revoked license after having been declared an habitual offender[]" in violation of Code § 46.2-357. Id. at 491, 500 S.E.2d at 226. Because "[i]n a prosecution under Code § 46.2-357, the Commonwealth may seek to prove 'a second or subsequent . . . offense' and subject the accused to a more severe punishment[]," the Commonwealth was entitled to introduce a conviction order during the guilt phase of the trial to establish the defendant's prior conviction. Id. The conviction order offered by the Commonwealth contained sentencing information, and the trial court refused to redact that information as requested by the defendant. Id.

On appeal, we agreed with Burke that the trial court had erred in allowing the sentencing information to go to the jury during the guilt phase of trial. Specifically, we held that

> [p]roof of the punishment imposed for prior convictions is not
> relevant to the issue whether the accused is guilty of the offense.
> Accordingly, we hold that the trial judge erred in refusing to redact

- 8 -

references to [the] sentence from the conviction order when the conviction order was entered as evidence during the guilt determination phase of the trial.

Id. at 493, 500 S.E.2d at 227. For the same reason, the trial court in this case erred when it refused to redact the sentencing information from the order offered to establish appellant's previous felony conviction.

Having concluded that the trial court erred in refusing to redact the sentencing information from the 2004 order, we must determine whether or not the error was harmless. Code § 8.01-678. Once again, our resolution of the issue is controlled by our decision in Burke.

After noting that the jury in Burke legitimately could have been shown the sentencing information in the sentencing phase of the trial, we found the error of refusing to redact the sentencing information in the guilt phase to be harmless. We reasoned that

> [t]he evidence overwhelmingly proved during the guilt determination phase of the trial that Burke had [previously been convicted]. When Burke was stopped by the police officer, Burke admitted his [conviction] status. Furthermore, the prosecutor offered into evidence, without objection, the [conviction] order . . . .
>
> When the prosecutor offered as evidence the conviction order establishing Burke's prior conviction, Burke did not object to the portion of the order proving the fact of the conviction. Thus, at the guilt determination phase of the trial, the evidence overwhelmingly proved [the elements of the offense]. In light of that evidence, we "can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict [of guilty] would have been the same." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*). No evidence remotely suggests that the jury's knowledge of Burke's . . . sentence tended to influence its finding of guilt.
>
> The jury's knowledge of the jail sentence that Burke received upon the prior conviction could have affected only the sentence the jury recommended. However, the jury decided Burke's sentence during the punishment phase of the trial. . . . Despite the trial judge's error during the guilt phase of the trial, the jury eventually would have been exposed to Burke's punishment for the prior offense before deciding Burke's punishment. Thus,

- 9 -

> the error was clearly harmless as it relates to the punishment phase of the trial. Moreover, the jury recommended a sentence of three years in prison, two years less than the maximum sentence that it could have recommended. The sentence was not of such magnitude so as to suggest that it was influenced by the admission of the unredacted order at the guilt determination phase.

Id. at 493-94, 500 S.E.2d at 227-28.

As in Burke, the evidence in this case that appellant had the necessary prior conviction is overwhelming. In addition to the portions of the 2004 order to which appellant raised no objection, the fact of the prior conviction came from appellant's own statements to the police officers. Simply put, there is no question that appellant had a prior conviction, and the inclusion of the sentencing information could not have affected the jury's determination that he did.

Similarly, it is clear that the sentencing information played no role in the sentence appellant received. Even setting aside that prior sentencing information can be made available in the sentencing phase of a trial, the jury recommended (and appellant received) the *mandatory minimum sentence*. Because appellant legally could not have been sentenced to less than the mandatory minimum, we can say beyond all doubt that the trial court's error did not affect his sentence. Accordingly, the trial court's error in refusing to redact the sentencing information during the guilt phase of trial does not provide a basis for reversal.

In affirming appellant's conviction, we note that the law has long recognized that a litigant is entitled to a fair trial, not a perfect one. Blevins v. Commonwealth, 267 Va. 291, 297, 590 S.E.2d 365, 368 (2004) (noting that "a litigant is entitled to a fair, but not perfect, trial, as there are no perfect trials." (citation omitted)). This concept dates to the "ancient statute of jeofails, which survives in modern form as Code § 8.01-678." Moore v. Commonwealth, 276 Va. 747, 755 n.3, 668 S.E.2d 150, 155 n.3 (2008). Code § 8.01-678 provides that "[w]hen it plainly appears . . . that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed [f]or any other defect, imperfection, or

- 10 -

omission in the record . . . ." Despite any errors committed by the trial court, we conclude that appellant had a fair trial, the alleged errors did not affect the outcome, and substantial justice was reached. Accordingly, we affirm appellant's conviction for possession of a firearm after previously having been convicted of a felony in violation of Code § 18.2-308.2.

CONCLUSION

Based on the foregoing, we find that the errors advanced by appellant were harmless. Accordingly, we affirm his conviction for possession of a firearm after previously having been convicted of a felony in violation of Code § 18.2-308.2 and the resulting sentence.

Affirmed.