COURT OF APPEALS OF VIRGINIA

Present: Judges Fitzpatrick, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


GREGORY ROBERT FOLSON
                                        OPINION BY
v.        Record No. 1564-95-4    JUDGE ROSEMARIE ANNUNZIATA
                                        NOVEMBER 26, 1996
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     William T. Newman, Jr., Judge

          Charles L. King, for appellant.

          Richard B. Smith, Assistant Attorney General
          (James S. Gilmore III, Attorney General, on
          brief), for appellee.


     Following a jury trial in the Circuit Court of Arlington

County, appellant, Gregory Robert Folson, was convicted of grand

larceny from the person and sentenced to ten years imprisonment.

 On appeal, appellant argues that the trial court's sentencing

order should be reversed and that the case should be remanded for

a new sentencing hearing because the trial court admitted

improper evidence of his prior convictions.  We disagree and

affirm the sentence of the trial court.

                               I.

     Attempting to present appellant's prior convictions at the

sentencing phase of his trial, the Commonwealth sought to admit

two packets of documents it received from the Circuit Court of

Prince George's County, Maryland, as "certified, attested or

exemplified copies of [appellant's] record of conviction."  See

Code § 19.2-295.1.[1]  The first packet included a copy of appellant's indictment for unlawful distribution of PCP; the case number appears to have been 8802*5.[2]  The next document, entitled "DOCKET ENTRIES," established that appellant was sentenced to eighteen months imprisonment in case number 88-0275.  The second packet contained a document entitled "commitment record," which established that appellant was found guilty and received a ten year sentence on charges of robbery, assault with intent to avoid lawful apprehension, and conspiracy to commit robbery.[3]  Each packet was bound by seal and string and was received under cover of a document certifying that its contents were "true copies of originals on file and of record . . . and that [the] originals together, constitute the record of the proceedings . . . in [the] case."  The certificates were signed by the clerk of the court; a

[1]    Code § 19.2-295.1 provides, in part:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction . . . .  Prior convictions shall include convictions . . . under the laws of any state . . . .

[2]    The fifth digit on the photocopy has a hole punched through it and is impossible to read.

[3]    The "commitment record" is prepared by the clerk of court when a defendant is convicted of an offense and sentenced to imprisonment.  It is presented by the clerk to the officer into whose custody the defendant is placed.  Md. Rule 4-351.

- 2 -

judge of the court certified the clerk's attestation; and the clerk then certified the judge's authority. The second packet contained another certification by the clerk that the "foregoing is a true copy of the docket entries in the above entitled case."

Appellant objected to the admission of the documents on the ground that they were not "records of conviction" within the meaning of Code § 19.2-295.1. Appellant further argued that the certification showed only that the documents were true representations of the originals, not that they were evidence of appellant's prior convictions. The court disagreed, finding that the statute does not require the Commonwealth to produce a final order, signed by a judge. Furthermore, the court found that the documents contained sufficient information to determine that appellant had been convicted for the identified offenses. Accordingly, the trial court found that the documents constituted "records of conviction" and admitted them as evidence of appellant's prior criminal convictions.

## II.

On appeal, we must determine what evidence is admissible as a "record of conviction" within the meaning of Code § 19.2-295.1. Appellant argues that only a final order, signed by a judge, is admissible as a "record of conviction." The Commonwealth contends that the statute should not be so narrowly construed. This is an issue of first impression.[4]

_____

[4] We have held that a "record of conviction" includes evidence of prior sentences as well as the fact of conviction,

(..continued)
see Gilliam v. Commonwealth, 21 Va. App. 519, 465 S.E.2d 592 (1996), and that evidence of convictions after the date of the charged offense but "prior" to the bifurcated sentencing hearing is admissible.  See Bunn v. Commonwealth, 21 Va. App. 593, 466 S.E.2d 744 (1996).  These decisions address the admissibility of evidence contained in a "record of conviction" and the admissibility of which "records of conviction."  They do not address what evidence may be deemed to constitute a "record of conviction."

Nothing in the plain language of Code § 19.2-295.1 requires that a "record of conviction" be established only by the admission of a final order of conviction. The language of Code § 19.2-295.1 describes a "record," not an "order." The plain meaning of the word "record" is

> [a] written account of some act, court proceeding, transaction, or instrument, drawn up, under authority of law, by a proper officer, and designed to remain as a memorial or permanent evidence of the matters to which it relates.

Black's Law Dictionary 1144 (5th ed. 1979). Thus, we find that "record of conviction" means a "record" evidencing the fact of conviction. While a final order of conviction may be the most expedient means of establishing a "record of conviction," we do not find Code § 19.2-295.1 limited to such evidence.

For purposes of Code § 19.2-295.1, we find that the documents in question here constitute "records of conviction" because they are recorded evidence that the court convicted appellant for the crimes charged. The documents were properly admitted because the attached certifications by the clerk of the court and a judge of that court sufficiently authenticate them. The certifications by the clerk and the judge verify not only the accuracy of the photocopies, as appellant contends, but also reflect the state of Maryland's determination "that [the] originals together, constitute the <u>record of the proceedings</u>" in the case, reflecting the convictions obtained. (Emphasis added.) The evidence contained in these properly admitted documents,

viewed in the aggregate, was sufficient to establish the prior convictions.

                                    III.

Appellant also contends that the best evidence rule bars the admission of the documents in question and limits the proof of conviction to the court's final order.  However, the "best evidence rule" has no applicability to this case.  In Virginia, the best evidence rule provides that "where the contents of a writing are desired to be proved, the writing [the primary evidence] itself must be produced or its absence sufficiently accounted for before other evidence of its contents can be admitted."  Butts v. Commonwealth, 145 Va. 800, 816, 133 S.E. 764, 769 (1926) (quoting 1 Greenleaf on Evidence 682 (16th ed.)); see also Myrick v. Commonwealth, 13 Va. App. 333, 339, 412 S.E.2d 176, 179 (1991); Randolph v. Commonwealth, 145 Va. 883, 889, 134 S.E. 544, 546 (1926); Bradshaw v. Commonwealth, 16 Va. App. 374, 379, 429 S.E.2d 881, 884 (1993).

> A judgment is the determination by a court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding.  A written order or decree endorsed by the judge is but evidence of what the court has decided.

Rollins v. Bazile, 205 Va. 613, 617, 139 S.E.2d 114, 117 (1964) (quoting Haskins v. Haskins, 185 Va. 1001, 1012, 41 S.E.2d 25, 31 (1947) (emphasis added).  See also Weatherman v. Commonwealth, 91 Va. 796, 798-99, 22 S.E. 349 (1895); Spicer v. Spicer, 192 Va. 105, 109, 63 S.E.2d 773, 776 (1951).

Here, the Commonwealth was not required to prove the contents of a written order reflecting the fact of appellant's conviction. Rather, it was required to prove the fact of the conviction itself. As stated above, Code § 19.2-295.1 provides limitations on the means by which the Commonwealth may establish such proof. In no way, however, does it implicate the best evidence rule by requiring proof of the contents of a conviction order.

For the reasons set forth here, we affirm the decision of the trial court.

<u>Affirmed.</u>