COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia


ROMAN A. BYRD
                                         OPINION BY
v.   Record No. 0235-98-4      JUDGE ROSEMARIE ANNUNZIATA
                                       AUGUST 3, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       F. Bruce Bach, Judge

         Mandy M. Petrocelli, Assistant Public
         Defender (M. Dale Phelps, Assistant Public
         Defender; Office of the Public Defender, on
         brief), for appellant.

         Richard B. Campbell, Assistant Attorney
         General (Mark L. Earley, Attorney General,
         on brief), for appellee.


     Roman A. Byrd ("appellant") appeals his conviction of

possession of marijuana with intent to distribute and his

sentence to five years in the penitentiary.  He contends the

trial court erred in admitting unredacted orders of conviction

during the sentencing phase of the jury trial.  For the reasons

that follow, we affirm.

     Police officers stopped appellant for driving with

defective equipment and searched his car incident to the stop.

Based on the results of the search, appellant was charged with

possession of marijuana with intent to distribute.

After the jury found appellant guilty as charged and during the sentencing phase of the trial, the Commonwealth moved to introduce two orders of conviction.  The orders contained references to charges that had been <u>nolle</u> <u>prossed</u>.  Appellant's motion to redact reference to the <u>nolle</u> <u>prossed</u> charges was denied.  The denial of this motion is the basis for this appeal.

Relying on our decisions in <u>Folson v. Commonwealth</u>, 23 Va. App. 521, 478 S.E.2d 316 (1996), and <u>Gilliam v. Commonwealth</u>, 21 Va. App. 519, 465 S.E.2d 592 (1996), the Commonwealth contends that the term "record of conviction" as it is used in Code § 19.2-295.1 includes both convictions and <u>nolle</u> <u>prossed</u> charges.  We disagree.

Code § 19.2-295.1 establishes the procedure for bifurcating felony trials by jury.  "'The purpose of the bifurcated trial is to allow the trier of fact to consider the prior . . . record of the accused for sentencing purposes while avoiding the risk of prejudice to the accused when determining guilt or innocence.'" <u>Gilliam</u>, 21 Va. App. at 523, 465 S.E.2d at 594 (quoting <u>Farmer v. Commonwealth</u>, 10 Va. App. 175, 179, 390 S.E.2d 775, 776-77, <u>aff'd upon reh'g en banc</u>, 12 Va. App. 337, 404 S.E.2d 371 (1991)).

The evidence the Commonwealth may present during the sentencing phase is specified by statute:

> At such proceeding, the Commonwealth shall
> present the defendant's prior criminal

> convictions by certified, attested or
> exemplified copies of the record of
> conviction . . . . The Commonwealth shall
> provide to the defendant fourteen days prior
> to trial notice of its intention to
> introduce evidence of the defendant's prior
> criminal convictions. Such notice shall
> include (i) the date of each prior
> conviction, (ii) the name and jurisdiction
> of the court where each prior conviction was
> had, and (iii) each offense of which he was
> convicted.

Code § 19.2-295.1 (emphasis added).

The language of the statute is clear and its intent plain. Therefore, we need not reach beyond the common meaning of its terms to invest it with meaning. As adopted by the legislature, the statute limits the introduction of evidence by the Commonwealth to charges for which a defendant has been convicted.[1] We find no basis upon which to enlarge the legislature's manifest intent in adopting this statute.[2]

---

[1] Code § 19.2-295.1 also permits the Commonwealth to introduce relevant, admissible evidence to rebut any evidence introduced by the defendant on the issue of sentencing. The admissibility of rebuttal evidence is generally restricted in scope to refuting matters brought out by its proponent's adversary. See Henning v. Thomas, 235 Va. 181, 189-90, 366 S.E.2d 109, 114 (1988). See also Charles E. Friend, The Law of Evidence in Virginia § 1-4(e) (4th ed. 1993) ("It is not proper to introduce matter which is merely cumulative, or not responsive to points raised in defendant's case . . . ."). The propriety of admitting rebuttal evidence relating to nolle prossed charges is not before us, and we decline to address the issue here.

[2] We note that, in Commonwealth v. Shifflett, the Virginia Supreme Court held that the factors a jury may consider in mitigation of a capital offense under Code § 19.2-264.4(B) may also be considered by the trial court "in determining what

- 3 -

Furthermore, under well-settled rules governing the admission of evidence, we find that evidence of charges which have been nolle prossed is not relevant to the jury's determination of sentence. "'Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case.'" Utz v. Commonwealth, 28 Va. App. 411, 419, 505 S.E.2d 380, 384 (1998) (quoting Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993)).

The purpose of the "separate [sentencing] proceeding" required by Code § 19.2-295.1 is "limited to the ascertainment of punishment." Code § 19.2-295.1. We have further noted that the purposes underlying the punishment of criminal conduct

---

evidence is relevant to punishment under Code § 19.2-295.1 . . . ." 257 Va. 34, 44, 510 S.E.2d 232, 236 (1999). However, while the Commonwealth may introduce evidence of unadjudicated criminal activity in capital cases, see Beaver v. Commonwealth, 232 Va. 521, 530, 352 S.E.2d 342, 347 (1987), the holding in Shifflett does not stand for the proposition that charges that have been nolle prossed are admissible in non-capital cases prosecuted under Code § 19.2-295.1. Unlike the directive provided by the express language of Code § 19.2-295.1 in non-capital cases, the Commonwealth's evidence is not confined in capital cases to the "record of convictions." See Peterson v. Commonwealth, 225 Va. 289, 298, 302 S.E.2d 520, 526 (holding that Code § 19.2-264.4 "does not restrict [penalty phase] evidence to the record of convictions"), cert. denied, 464 U.S. 865 (1983). Furthermore, since the question before the Court in Shifflett dealt only with the scope of admissible evidence related to punishment that a defendant is permitted to introduce, it did not address or construe the limitations imposed by Code § 19.2-295.1 on the introduction of evidence related to punishment in non-capital cases by the Commonwealth in its case-in-chief. See Shifflett, 257 Va. at 42, 510 S.E.2d at 235.

include deterrence, incapacitation, rehabilitation, and retribution.  See Gilliam, 21 Va. App. at 524, 465 S.E.2d at 594.  We can discern no relationship between the purposes of sentencing and the jury's role in determining appropriate punishment in non-capital cases that would make evidence of nolle prossed charges relevant to the jury's task.  Cf. Bassett v. Commonwealth, 222 Va. 844, 858, 284 S.E.2d 844, 853 (1981) (approving the admission, during the sentencing phase of capital murder prosecutions, of evidence concerning the sentences imposed for prior convictions because "[t]he sentence reflects the gravity of the offense and the offender's propensity for violence." (emphasis added)), cert. denied, 456 U.S. 938 (1982); Gilliam, 21 Va. App. at 524, 465 S.E.2d at 594 ("Manifestly, the prior criminal convictions of a felon, including previous efforts to punish and rehabilitate, bear upon a tendency to commit offenses, the probabilities of rehabilitation, and similar factors indispensable to the determination of an appropriate sentence." (emphasis added)).

Even were the evidence deemed relevant, it must be excluded if its probative value is "outweighed by other, negative factors."  Charles E. Friend, The Law of Evidence in Virginia § 11-3 (4th ed. 1993).  Factors that weigh against the admission of relevant evidence include:  (1) the confusing nature of the evidence and the likelihood that it will mislead the jury, see

*Farley v. Commonwealth*, 20 Va. App. 495, 498, 458 S.E.2d 310, 312 (1995), and (2) the danger of distracting the jury from the major issues in the case. See *Maynard v. Commonwealth*, 11 Va. App. 437, 442, 399 S.E.2d 635, 638 (1990) (en banc). Here, evidence of the nolle prossed charges could be misunderstood by the jury and misapplied. No explanation of the meaning of the term was given to the jury, nor could one have been given without introducing collateral issues into the case, as numerous reasons may underlie a prosecutor's decision to enter a nolle prosequi of a charge. In addition, because the court allowed consideration of the charges, the evidence could also be erroneously treated by the jury as proof that the accused was involved in the perpetration of other crimes. We therefore conclude the probative value of the challenged evidence was outweighed by its prejudicial impact and, on this ground, the court abused its discretion in admitting it. See *Coe v. Commonwealth*, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986); *Farley*, 20 Va. App. at 498, 458 S.E.2d at 311.

Our decisions in *Folson* and *Gilliam* do not support the Commonwealth's contention that the challenged evidence was properly admitted. In *Folson*, we held that an indictment, showing the nature of the crime charged, and documents entitled "DOCKET ENTRIES" and "commitment record," showing the defendant's conviction and sentence for several prior offenses,

were admissible as a "record of conviction" within the meaning of Code § 19.2-295.1. See 23 Va. App. at 523-25, 478 S.E.2d at 317-18. In Gilliam, we held that the term "record of conviction" includes "both conviction and punishment . . . ." 21 Va. App. at 524, 465 S.E.2d at 595. In each case, the issue before us was limited to the evidence that is required to establish the fact of conviction, both its incidence and its nature, including the gravity of the offense. See Folson, 23 Va. App. at 525, 478 S.E.2d at 318 (approving of the admission of documents as "records of conviction" because they demonstrated "that the court convicted appellant for the crimes charged"); Gilliam, 21 Va. App. at 523-24, 465 S.E.2d at 594-95 (approving of the admission of evidence concerning the sentences that attended previous convictions). Neither holding addressed the propriety of admitting evidence of nolle prossed charges.

Under accepted principles, however, we find that the improper admission of the evidence at issue was harmless because it plainly appears from the record that the error did not affect appellant's sentence. In the absence of a curative instruction from the trial court, a nonconstitutional error is presumed to be harmful "unless 'it plainly appears from the record and the evidence' that the verdict was not affected by the error." See Lavinder v. Commonwealth, 12 Va. App. 1003, 1008-09, 407 S.E.2d 910, 913 (1991) (en banc) (quoting Code § 8.01-678). "An error

does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same."  Id. at 1005, 407 S.E.2d at 911.

Like the seven prior convictions that were properly made known to the jury, the three erroneously admitted nolle prossed charges involved property offenses or offenses related to property crimes.  Assuming the jury treated the nolle prossed charges as convictions, the inadmissible evidence was merely cumulative of overwhelming evidence that appellant had been convicted of numerous property offenses.  Furthermore, although the jury was free to impose a maximum sentence of ten years imprisonment as punishment for the instant offense, notwithstanding the evidence that appellant had committed seven previous offenses, the jury only imposed a mid-range sentence of five years.  See Code §§ 18.2-10(e), 18.2-248.1(a)(2).

In short, given the nature of the erroneously admitted charges, weighed in the context of admissible evidence of seven previous convictions on charges of a similar nature, and, in light of the sentence imposed, we conclude that the exclusion of the evidence of appellant's nolle prossed charges would not have affected his sentence and that the improper admission of this evidence was harmless error.

Affirmed.