COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


CLARENCE MILTON THOMAS

MEMORANDUM OPINION[*] BY
v.    Record No. 1883-99-4      JUDGE RICHARD S. BRAY
                                SEPTEMBER 5, 2000
COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                      William Shore Robertson, Judge

          S. Jane Chittom, Appellate Counsel (Elwood
          Earl Sanders, Jr., on briefs), for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Clarence Milton Thomas (defendant) was convicted by a jury

for operating a motor vehicle after having been declared an

habitual offender, a second or subsequent offense, in violation

of Code § 46.2-357.  On appeal, defendant complains that the

trial court erroneously (1) admitted evidence of his earlier

guilty plea to "drunk driving," an offense arising from conduct

related to the instant prosecution; (2) permitted testimony he

was "staggering" at the time of arrest and was "previously known

to law enforcement"; and (3) excluded from the sentencing phase

of the proceedings evidence of his "medical condition" and

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"mental state at the time of the offense."  Finding no reversible error, we affirm the conviction.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.  In accordance with well established principles, we view the evidence in the light most favorable to the Commonwealth.

At approximately 12:03 a.m. on November 13, 1998, Warrenton Police Officer Warren Michael Sager, while operating an "unmarked vehicle" on "routine patrol," stopped in the roadway to permit his companion, Officer Steven Alleman, to issue a parking ticket.  Sager remained in the car and noticed a white pickup truck approach, "pull[] to the right shoulder," and park "approximately 5 to 6 car lengths behind."  Within several minutes, Sager heard "glass break as the [truck] door open[ed]," and observed an individual exit the passenger side, and "walk[] down the street" toward the police vehicle, "staggering very bad[ly]."  Alleman then identified defendant by name and Sager testified he "recognize[d] [him] from . . . 18 years of law enforcement" as a man he had "seen . . . and had dealings with before."

While Alleman detained defendant, Sager approached the truck and discovered "no one else in the vehicle," broken glass "laying on the sidewalk," and a key in a "secondary ignition switch."  Following further investigation, Sager charged

-

defendant with the instant offense and "driving under the influence (DUI)." During the subject trial, Sager was permitted to testify that defendant later pled guilty to the DUI.

At the sentencing phase of the prosecution, the Commonwealth introduced into evidence a 1981 order of the Fauquier County Circuit Court adjudicating defendant an habitual offender. Additional circuit court orders, also in evidence, memorialized subsequent convictions of defendant for "operating a vehicle after having been declared an habitual offender" in 1983, 1984, 1985, 1988, 1991 and 1994, "statutory burglary" in 1969, felonious possession of a firearm in 1991, and, in 1998, petit larceny and the DUI offense in issue.

During defendant's testimony at sentencing, his counsel inquired into his "medical condition" at the time of the instant offense. When the Commonwealth challenged the relevancy of such evidence, counsel explained that defendant "had full-blown AIDS," resulting in a "mental state . . . that he basically didn't care, that he was under basically a suicide mission," circumstances counsel described as "mitigating factor[s]." The court precluded the evidence but permitted counsel to proffer the testimony for the record.[1]

---

[1] Counsel proffered that defendant was diagnosed with HIV in 1992, and thereafter resided with his mother until, fearful that he would "spread [the] disease" to her, he "isolated himself from his family," "moved . . . to Washington, D.C." and "basically lived on the street." Following a conviction for driving as an habitual offender in 1994, defendant "was placed

-

I.

Defendant first contends that the court erroneously allowed the Commonwealth to introduce "irrelevant" and "prejudicial" evidence of his guilty plea to the DUI offense. In response to defendant's objection at trial, the Commonwealth explained that such evidence was relevant to prove defendant operated the vehicle at the time of the subject offense, an indispensable element of the crime. The trial court agreed and permitted the testimony, but instructed the jury that such evidence "has to do only with whether or not the Defendant was driving the vehicle at the time of the offense before you today" and "should not prejudice the Defendant because of the nature of the violation."

"Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). "Upon finding that certain evidence is relevant, the trial court is then required to employ a balancing test to determine whether the prejudicial effect of the evidence sought

---

in the Crossroads Program" and "did well . . . because he found a sense of community." Upon release, however, "he lost that sense of community" and began "a suicide mission." "He began to drink . . . [and] use illegal drugs" and, "on the day this happened, . . . was in that suicide mode."

Counsel further proffered that, during incarceration for the subject offense, defendant's "self-esteem" increased upon learning that HIV cannot be transmitted through "casual contact." Counsel added that "the stress of living in [jail] causes some harm to [defendant] in the course of his disease and can cause the disease to progress more rapidly."

-

to be admitted is greater than its probative value." <u>Wise v. Commonwealth</u>, 6 Va. App. 178, 188, 367 S.E.2d 197, 203 (1988). "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." <u>Blain v. Commonwealth</u>, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

"Virginia law . . . establishes that a plea of guilty" is an admission of guilt "'by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment.'" <u>Jones v. Commonwealth</u>, 29 Va. App. 503, 510, 513 S.E.2d 431, 435 (1999) (quoting <u>North Carolina v. Alford</u>, 400 U.S. 25, 32 (1970)). "An out-of-court statement by [a] defendant that admits . . . a fact or facts tending to prove guilt is admissible in evidence." <u>Elmore v. Commonwealth</u>, 22 Va. App. 424, 429, 470 S.E.2d 588, 590 (1996). Thus, defendant's acknowledgment that he operated the vehicle in the commission of the DUI offense was admissible and clearly relevant evidence that he simultaneously drove the truck in violation of Code § 46.2-357.

Manifestly, the probative value of such evidence outweighed any prejudicial effect. To successfully prosecute defendant for a violation of Code § 46.2-357, the Commonwealth was required to prove each element of the offense, including operation of the vehicle by defendant. <u>See</u> <u>Martin v. Commonwealth</u>, 13 Va. App. 524, 529, 414 S.E.2d 401, 403 (1992) (<u>en</u> <u>banc</u>) (prosecution must

-

prove every element of a crime beyond a reasonable doubt).

Without defendant's admission, only circumstantial evidence

addressed the driving component of the offense.  Any incidental

prejudicial effect arising from reference to the DUI was

minimized by the court's cautionary instruction.  "Juries are

presumed to follow prompt cautionary instructions regarding the

limitations placed upon evidence."  Burley v. Commonwealth, 29

Va. App. 140, 147, 510 S.E.2d 265, 269 (1999).

                              II.

    Defendant next complains that the court improperly

permitted Sager to testify that defendant was "staggering very

bad[ly]" and was previously known to Sager through "18 years of

law enforcement . . . dealings with [defendant] before,"

evidence that suggested defendant was a "danger on the roads"

and of "bad character."  However,

> [w]here a course of criminal conduct is
> continuous and interwoven, consisting of a
> series of related crimes, the perpetrator
> has no right to have the evidence
> "sanitized" so as to deny the jury knowledge
> of all but the immediate crime for which he
> is on trial.  The fact-finder is entitled to
> all of the relevant and connected facts,
> including those which followed the
> commission of the crime on trial, as well as
> those which preceded it; even though they
> may show the defendant guilty of other
> offenses.

Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577

(1984).  Accordingly, defendant cannot insulate himself from

evidence of the interrelated circumstances that attended the

-

subject arrest and prosecution, notwithstanding prejudicial implications.

                                   III.

Code § 19.2-295.1 provides that "the defendant may introduce relevant, admissible evidence related to punishment" during the sentencing phase of a non-capital bifurcated trial. In Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 236 (1999), the Supreme Court of Virginia instructed that "[t]he kind of evidence contemplated by § 19.2-295.1 bears upon the record of the defendant and the nature of his crime.  Evidence of a good previous record, and extenuating circumstances tending to explain, but not excuse, the commission of the noncapital crime is admissible mitigating evidence."  The Court also noted that "a trial court, in determining what evidence is relevant to punishment under Code § 19.2-295.1 may be guided in the exercise of its discretion, subject to the rules of evidence governing admissibility, by the factors set forth in Code § 19.2-264.4(B)[.]"  Id. at 44, 510 S.E.2d at 236.

Code § 19.2-264.4(B), in pertinent part, provides:

> Evidence which may be admissible, subject to
> the rules of evidence governing
> admissibility, may include the circumstances
> surrounding the offense, the history and
> background of the defendant, and any other
> facts in mitigation of the offense.  Facts
> in mitigation may include, but shall not be
> limited to, the following: . . . (ii) the
> . . . felony was committed while the
> defendant was under the influence of extreme
> mental or emotional disturbance, . . . (iv)

-

> at the time of the commission of the . . .
> felony, the capacity of the defendant to
> appreciate the criminality of his conduct or
> to conform his conduct to the requirements
> of law was significantly impaired . . . .

Defendant asserts the proffered evidence addressed "extenuating circumstances" of "extreme mental and emotional disturbance" at the time of the offense.

Assuming, without deciding, that the court erroneously excluded such evidence, we find the resulting error harmless.[2]

> [N]onconstitutional error is presumed to be
> harmful "unless 'it plainly appears from the
> record and the evidence' that the verdict
> was not affected by the error."  "An error
> does not affect a verdict if a reviewing
> court can conclude, without usurping the
> jury's fact finding function, that, had the
> error not occurred, the verdict would have
> been the same."

Byrd v. Commonwealth, 30 Va. App. 371, 377, 517 S.E.2d 243, 246 (1999) (citation omitted).

Here, the record of convictions properly before the jury established the commission of six prior felonies by defendant, exclusive of the subject offense, for driving after being declared an habitual offender, spanning a period of sixteen years, together with convictions for several other crimes, including two additional felonies.  Five among the six habitual

---

[2] Our premise of error does not include defendant's proffer relating to the adverse effects of incarceration, a circumstance irrelevant to the sentencing function of a jury.  See Runyon v. Commonwealth, 29 Va. App. 573, 577, 513 S.E.2d 872, 874 (1999) (court did not err in excluding testimony concerning effect of incarceration on defendant during sentencing).

-

offender violations occurred prior to 1992, the year defendant first learned of the illness that prompted his mental distress. The related conviction orders, including those punishments fixed by the juries, reflected prior sentences ranging from twelve months in jail to three and one-half years in prison.

Such evidence clearly demonstrated that defendant persisted in feloniously operating motor vehicles, notwithstanding successive convictions and incarceration for such misconduct. Defendant's suicidal mindset on the evening of the subject offense offered an insubstantial explanation for his behavior, on that occasion or previously. Under such circumstances, the omission and the proffered evidence clearly had no effect on the jury's determination of sentence and, therefore, if error, was harmless.

Accordingly, we affirm the trial court.

<u>Affirmed.</u>

-