COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Petty
Argued at Chesapeake, Virginia


MARCUS WASHINGTON, S/K/A
  MARCUS A. WASHINGTON
                                                          OPINION BY
v.       Record No. 0500-05-1             JUDGE WILLIAM G. PETTY
                                                          AUGUST 1, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Peter R. Roane (The Cochran Firm, on briefs), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        A jury convicted Marcus A. Washington of rape.  On appeal, Washington contends the

trial court erred in permitting the victim to testify during the Commonwealth's case-in-chief of

the sentencing phase of his trial.  He asserts Code § 19.2-295.1 only permitted the

Commonwealth to introduce prior convictions during its case-in-chief and the trial judge should

have permitted the victim impact testimony, if at all, as rebuttal evidence.  After applying basic

rules of statutory construction, we disagree with Washington's interpretation of the statute;

hence, we affirm.

I. Background

        Washington and a codefendant, Rayshod Martin, were indicted and tried jointly by a jury

for the rape of a Hampton University student.  The jury found Washington guilty of rape.[1]

_____

        [1] Martin was convicted of attempted rape.  He raises identical issues on appeal in Record
Number 0413-05-1.

Before the sentencing phase of the trial began, Washington's attorney informed the court of his intent to call witnesses during the sentencing phase. Similarly, the Commonwealth informed the court that it would call the victim to testify during its case-in-chief of the sentencing phase. Washington objected, and argued Code § 19.2-295.1 only permitted the Commonwealth to present prior criminal convictions during its case-in-chief. Relying upon Code § 19.2-295.3, the court overruled the objection and permitted the victim to testify about the impact of the rape during the Commonwealth's case-in-chief.

## II.  Analysis

In deciding this appeal, the Court must review and consider the plain language set forth in Code §§ 19.2-295.1 and 19.2-295.3. This initial step is necessary because "'[w]here the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.'" Barr v. Town & Country Props., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)).

Under Code § 19.2-295.1, after a jury has found a defendant guilty of a felony, the defendant is afforded a separate sentencing proceeding before the same jury to determine punishment. Code § 19.2-295.1 provides in pertinent part:

> At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions . . . . After the Commonwealth has introduced such evidence of prior convictions, or if no such evidence is introduced, the defendant may introduce relevant, admissible evidence related to punishment. Nothing in this section shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal.

The other provision at issue, Code § 19.2-295.3, concerns victim impact testimony. Code § 19.2-295.3 provides in pertinent part:

> [U]pon a finding that the defendant is guilty of a felony, the court shall permit the victim, as defined in § 19.2-11.01, upon motion of

the attorney for the Commonwealth, to testify in the presence of the accused regarding the impact of the offense upon the victim . . . . In the case of trial by jury, the court shall permit the victim to testify at the sentencing hearing conducted pursuant to § 19.2-295.1 . . . .

Recognizing this qualified right, we have held that "victims who wish to offer impact testimony at the sentencing hearing of a defendant found guilty of a felony have a statutorily protected right to testify in the presence of the jury." Rock v. Commonwealth, 45 Va. App. 254, 259, 610 S.E.2d 314, 316 (2005).

Washington contends that by the plain meaning of Code § 19.2-295.1, the Commonwealth is limited to introducing evidence of a defendant's prior criminal convictions in its case-in-chief of the sentencing proceeding and that any victim impact testimony presented pursuant to Code § 19.2-295.3 must be limited to rebuttal.

In our prior opinions, this Court has described Code § 19.2-295.1 as "procedural in nature" and "not convey[ing] any substantive right." Lebedun v. Commonwealth, 27 Va. App. 697, 717, 501 S.E.2d 427, 437 (1998); cf. Weathers v. Commonwealth, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001) (providing that substantial compliance with the notice provisions of Code § 19.2-295.1 is sufficient absent any prejudice demonstrated by the defendant).

We are guided by principles requiring that "the plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)). "When one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." Tharpe v. Commonwealth, 18 Va. App. 37, 43-44, 441 S.E.2d 228, 232 (1994) (quoting Virginia Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979)). Moreover, "a fundamental rule of statutory

construction requires that courts view the entire body of legislation and the statutory scheme to determine the 'true intention of each part.'" Allard v. Commonwealth, 24 Va. App. 57, 67, 480 S.E.2d 139, 144 (1997) (quoting Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989)).

In Rock, this Court recognized the General Assembly has "expanded the permissible scope of the [Crime Victim and Witness Rights] Act by establishing the victim's right to present victim impact *oral testimony* during the sentencing proceeding."[2] 45 Va. App. at 258, 610 S.E.2d at 316. Additionally, this Court examined key provisions of the Act wherein the General Assembly utilized mandatory language concerning victim impact testimony, and, in particular, reasoned:

> The pertinent language of Code §§ 19.2-11.01(A)(4)(c) and 19.2-295.3 is mandatory. By explicitly providing that victims *shall* be allowed to testify regarding the impact of the offense on them when the defendant is found guilty of a felony, Code § 19.2-295.3 establishes the victim's right to testify without interference.
>
> \* \* \* \* \* \* \*
>
> Once it is determined that the persons who offer their impact testimony are "victims" within the meaning of the statute, the court *shall* permit the victims to testify regarding the impact of the *offense*.

Id. at 259, 610 S.E.2d at 316 (internal quotations and citations omitted).

If we were to accept Washington's interpretation of Code § 19.2-295.3 as correct and agree that victim impact testimony should be permitted only during the Commonwealth's rebuttal, the result would nullify Code §§ 19.2-11.01(A)(4)(c), 19.2-264.4, and 19.2-295.3. At a defendant's election, he or she could simply choose *not* to present evidence during the sentencing phase and thus preclude the Commonwealth from introducing victim impact

---

[2] Code § 19.2-11.01(A)(4)(c) provides, "On motion of the attorney for the Commonwealth, victims shall be given the opportunity, pursuant to §§ 19.2-264.4 and 19.2-295.3, to testify prior to sentencing of a defendant regarding the impact of the offense."

testimony.  Washington cites Sheikah v. Buckingham Corr. Ctr., 264 Va. 558, 566, 570 S.E.2d 785, 789 (2002), as authority for his position.  Although the Supreme Court recognized this to be a legitimate strategy to bar rebuttal evidence at the sentencing phase, the issue in Sheikah did not involve a victim's right to testify or the application of Code §§ 19.2-11.01(A)(4)(c), 19.2-264.4, or 19.2-295.3.

Washington's analysis runs contrary to the mandatory nature of these statutes.  His interpretation would defeat the obvious intent of the General Assembly and eviscerate the statutory right of victims "to have the impact of those crimes upon their lives considered as part of the sentencing process, if that is their wish."  Beck v. Commonwealth, 253 Va. 373, 384, 484 S.E.2d 898, 905 (1997).  It also ignores the nature of rebuttal evidence.  See Byrd v. Commonwealth, 30 Va. App. 371, 374 n.1, 517 S.E.2d 243, 244 n.1 (1999) (finding that "[t]he admissibility of rebuttal evidence is generally restricted in scope to refuting matters brought out by its proponent's adversary").  The statutes do not relegate victim impact testimony to rebuttal evidence; they provide the victim a qualified right to testify concerning the impact a particular crime has had on the victim's life.  Pursuant to the mandatory requirements of Code §§ 19.2-11.01(A)(4)(c), 19.2-264.4, and 19.2-295.3, the trial court was required to allow the victim to testify upon motion of the Commonwealth.

We believe a more logical interpretation of the reference to Code § 19.2-295.1, as set forth in § 19.2-295.3, is simply to identify the sentencing hearing as the phase of the trial during which victim impact testimony shall be admitted.  In doing so, the General Assembly clarified that evidence pertaining to the extent of physical, psychological, or economic harm the crime has had on the life of the victim, while relevant to punishment, is not relevant to the guilt or innocence of the defendant.

Finally, in criminal cases the trial court has discretion to determine the order of proof, and its ruling will not be reversed on appeal, absent a showing of abuse of discretion.  See Quintana v. Commonwealth, 224 Va. 127, 142, 295 S.E.2d 643, 650 (1982).  Here, the victim had a qualified, statutorily protected right to be heard at sentencing, and it was within the trial judge's ultimate discretion to decide *when* she would be heard pursuant to the Commonwealth's motion.

### III.  Conclusion

After applying fundamental rules of statutory construction, we find the reference to Code § 19.2-295.1, as set forth in § 19.2-295.3, is not intended to limit victim impact testimony but merely identifies the sentencing phase of the trial as the appropriate forum for victim impact testimony.  In this case, the trial court did not abuse its discretion in allowing the rape victim to testify during the Commonwealth's case-in-chief of the sentencing phase of Washington's trial.

For these reasons we affirm Washington's conviction for rape.

Affirmed.