COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Clements and McClanahan
Argued at Richmond, Virginia


ANTOINE ALEXANDER MACKLIN

                                           MEMORANDUM OPINION* BY
v.        Record No. 1079-06-2          JUDGE ELIZABETH A. McCLANAHAN
                                                   JUNE 26, 2007
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                          Burnett Miller, III, Judge

           (Robert P. Geary, on brief), for appellant.

           Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
           McDonnell, Attorney General, on brief), for appellee.


        Antoine Alexander Macklin appeals his sentencing upon convictions of eluding the

police, possession with intent to distribute cocaine, and possession of a firearm while in

possession of cocaine with intent to distribute cocaine.  Macklin contends the trial court erred in

allowing two officers to testify in the penalty phase of his jury trial about their injuries and

consequences from the struggle and arrest of Macklin.  For the following reasons, we hold the

argument on appeal is barred by Rule 5A:18, and we affirm the trial court's ruling.

                                    I.  BACKGROUND

        As the parties are familiar with the record below, we recite only those facts necessary to

the resolution of this appeal.

        The trial court convicted Macklin of eluding the police in violation of Code

§ 46.2-817(B), possession of cocaine with intent to distribute in violation of Code § 18.2-248,

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and possession of a firearm while in possession of cocaine with intent to distribute in violation of Code § 18.2-308.4.  During the penalty phase of trial, the Commonwealth presented testimony from two officers about the injuries they suffered and the consequences from those injuries after struggling to arrest Macklin.  One officer testified that he fractured his kneecap and sustained a contusion to his knee.  The injuries prevented him from working for several months.  The officer also stated, at the time of the sentencing proceeding, he was still under a doctor's care and a determination had not yet been made as to whether he would need surgery on his knee.  The second officer testified that because of the injury to his hand, he was out of work for three months, the bone had to be broken to be reset, he had been required to undergo rehabilitation, and he was "given a thirty per cent [sic] disability from work."

## II.  ANALYSIS

The sole issue on appeal is whether the trial court erred in allowing the officers' testimony during the penalty phase of trial.  On appeal, Macklin argues the officers' testimony violated the requirements of the bifurcated sentencing statute, Code § 19.2-295.1, and was impermissible under the victim impact statute, Code § 19.2-299.1.  Because we find that Rule 5A:18 bars our consideration of both arguments, we affirm.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Applying Rule 5A:18, we have held that "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'"  Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (citation omitted).

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the

opposing party the opportunity to meet the objection at that stage of
the proceeding.

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted). Accord

Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002) (explaining that

the purpose of Rule 5A:18 "is to ensure that the trial court and opposing party are given the

opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding

unnecessary appeals").

Macklin contends the Commonwealth failed to introduce the evidence "by proper

methodology" under Code § 19.2-295.1, the bifurcated sentencing statute. Macklin asserts that

the Commonwealth may introduce the officers' testimony only as rebuttal evidence after the

defendant has introduced relevant, admissible evidence related to punishment. But see

Washington v. Commonwealth, 48 Va. App. 486, 491, 632 S.E.2d 625, 627 (2006) (rejecting the

argument that under Code § 19.2-295.1, victim impact testimony presented pursuant to Code

§ 19.2-295.3 must be limited to rebuttal, reasoning such "result would nullify Code

§§ 19.2-11.01(A)(4)(c), 19.2-264.4, and 19.2-295.3"). Since the defendant offered no evidence

in the penalty phase of trial, he argues on appeal "there could not be and was no rebuttal."

Macklin never raised this argument below, thus Rule 5A:18 bars our consideration of this issue

on appeal.

Macklin also claims that the officers' testimony was inadmissible under the victim impact

statute, Code § 19.2-299.1, because the officers were not victims of any of the crimes for which

Macklin was charged or convicted. At trial, however, Macklin objected to the officers'

testimony based on grounds of relevance[1] and prejudice. He argued the officers' injuries have

---

[1]     The legal threshold for relevance is well settled: "Evidence is
relevant if it tends to prove or disprove, or is pertinent to, matters
in issue." Clay v. Commonwealth, 262 Va. 253, 257, 546 S.E.2d
728, 730 (2001). Every fact, however remote or insignificant, that

"nothing to do with whether or not Mr. Macklin eluded the police, whether or not he possessed the drugs. . . . If he's found guilty of assaulting the police officers, Judge. . . . The fact that officers are injured, as a result of these other offenses,[2] Judge, should not prejudice the jury or should not spill over to the jury to cause them to increase their sentence for this sort of thing." The trial court was never presented with the issue of whether the officers were "victims" under the victim impact statute. Macklin's objection, therefore, lacked the requisite specificity required by Rule 5A:18 to preserve the arguments he now makes on appeal. Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992) (stating "a party must notify the trial court of his position and the specific rule of evidence on which [the party] relies") (internal quotation marks and citation omitted).

At trial, Macklin did not argue, as he does now on appeal, that the testimony was barred as a matter of law under the bifurcated sentencing statute, Code § 19.2-295.1, or the victim impact statute, Code § 19.2-299.1. As such, Rule 5A:18 bars our consideration of the arguments.

Affirmed.

---

"tends to establish the probability or improbability of a fact in issue is relevant." Velocity Express Mid-Atlantic v. Hugen, 266 Va. 188, 205, 585 S.E.2d 557, 566-67 (2003) (citations omitted). Put another way, evidence has relevance if it "tends to cast any light" on any material point. Ricks v. Commonwealth, 39 Va. App. 330, 334, 573 S.E.2d 266, 268 (2002) (citation omitted).

Seaton v. Commonwealth, 42 Va. App. 739, 752, 595 S.E.2d 9, 15 (2004).

[2] By stating "these other offenses," Macklin refers to the crimes for which he was convicted: eluding the police, possession of cocaine with intent to distribute, and possession of a firearm while in possession of cocaine with intent to distribute.